(24 Misc. Rep. 380.)

### VILLIAS v. STERN et al.

(City Court of New York, General Term.  August 4, 1898.)

1. **MONEY RECEIVED—COMPLAINT.**
   A complaint alleging that, between specified dates, the defendants received from the plaintiff a specified sum of money to the use of the plaintiff, and that, before action brought, this sum was demanded of the defendants, and no part thereof has been paid, sets up a perfect cause of action.

2. **PLEADING—DEMURRER.**
   Upon demurrer to a complaint, on the ground that it fails to state facts sufficient to constitute a cause of action, all allegations inserted in the complaint, beyond what is sufficient to constitute some cause of action, may be disregarded as surplusage.

Appeal from special term.

Action by Charles Villias against Isaac Stern and others.   From a judgment overruling a demurrer to the complaint, defendants appeal.   Affirmed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Hoadly, Lauterbach & Johnson, for appellants.

A. H. Sarasohn, for respondent.

CONLAN, J.   This is an appeal from an interlocutory judgment overruling a demurrer to the complaint.   The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.   The third paragraph of the complaint, entire, is as follows:

"Third. That between the 1st day of July, 1893, and the 1st day of June, 1895, at various times, the defendants received from the plaintiff the sum of fifteen hundred and fifty dollars, to the use of the plaintiff."

And then, in the fifth paragraph of the complaint, there is an allegation that before the suit was brought this sum was demanded of the defendants, and that no part thereof has been paid.   These allegations constitute, of themselves, a perfect cause of action against the defendants for the recovery of the sum stated.   There is nothing of ambiguity or uncertainty about them.   The statement is one of money had and received to the use of another, and the demand for its repayment, and the language employed left nothing further to be alleged.   The fact that the complaint also stated other matters does not render the pleading demurrable.

We are referred by the counsel for the respondent to the language employed by the late Mr. Austin Abbott in his Trial Brief, and therefore quote as follows:

"A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is not sustainable except when no cause of action whatever is presented for any part of the relief demanded." Section 90.

And again, under the new procedure, a demurrer for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. Id. § 91, citing Marie v. Garrison, 83 N. Y. 14–23; Wetmore v. Porter, 92 N. Y. 76–80; People v. Mayor, etc., of New York, 8 Abb. Prac. 7,—in all of which cases the demurrers were overruled on appeal on the precise principle stated here.

Whatever else may be inserted in a pleading by way of allegation, beyond the statement of facts sufficient to constitute a cause of action, may be disregarded as surplusage, as the rules of pleading require only that a good cause of action appear, and we need not go into all of the other allegations of a pleading for the purpose of spelling out whether or not they are matters properly inserted or alleged, as all depends upon the force and effect to be given to the pleading in the form as presented to us on this appeal.

We are of the opinion that the judgment appealed from must be affirmed, with costs. Judgment affirmed, with costs. All concur.